GAY OIL COMPANY v. MUSKOGEE REFINING COMPANY.

Opinion delivered February 6, 1911.

1. COUNTERCLAIM AND SET-OFF—BURDEN OF PROOF.—A defendant who sets up a counterclaim has the burden of proving the same. (Page 503.)

2. CONTRACT—BREACH.—Under a contract whereby defendant was given the exclusive right to sell plaintiff's oil in Arkansas, no breach is proved by showing that plaintiff in good faith sold oil to a purchaser in another State and at such purchaser's request subsequently shipped such oil to Arkansas. (Page 504.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Hill, Brizzolara & Fitzhugh,* for appellant.

*Ben D. Kimpel,* for appellee.

McCULLOCH, C. J. This is an action instituted by the Muskogee Oil Refining Company against the Gay Oil Company, both corporations, to recover upon an open account for $3,016.30 for oil products sold and delivered by plaintiff to defendant. Defendant pleaded a counterclaim against plaintiff for damages resulting from an alleged breach of contract whereby the plaintiff appointed defendant sole distributor of its oils in the State of Arkansas and the cities of Kansas City and St. Louis, Missouri, and Memphis, Tennessee, for a term of two years; and also damages for violation of an alleged agreement to establish an oil station at Fort Smith, Ark.

The case was tried before the court sitting as a jury, and the court found the amount of plaintiff's account to be $3,189.35;

that the defendant was entitled to a credit of $484.22 for money expended in completion of the oil station at Fort Smith, and that the defendant was also entitled to a credit of $230 for damages on account of sales made by plaintiff to the Texarkana Grocery Company in violation of its contract with defendant; and further found "that, of any other sales made in the territory covered by the contract, there was no damage to defendant shown from the evidence, and that a number of other sales claimed by the defendant to have been made in said territory covered by the contract were not made in said territory, but were made in Oklahoma and afterwards, on order of the purchaser, shipped as directed by purchaser."

The court, after deducting said credits, found in favor of plaintiff for $2,475.16, and rendered judgment against defendant accordingly. Defendant appealed.

The clause of the contract which bears on the controversy reads as follows: "In consideration of said party having agreed to handle exclusively, in the territory above mentioned, goods as or may be made by said first party, subject to provisions of article IV, he is hereby appointed sole distributor of said goods in the territory specified in article I, it being well understood and agreed that the names and brands in use and the property of said first party shall at all times appear on their packages marked and used by said second party, he agreeing to carry on all his stationery an announcement that he is sole distributor of the said oils of the Muskogee Oil Refining Company. It being further agreed that the stencil of the said second party shall appear on each barrel or package used by him."

It is insisted that the court erred in finding that the defendant sustained no damage by reason of the other sales in the territory mentioned, and that it did not constitute a breach of the contract on plaintiff's part to make sales in Oklahoma of oil products which were subsequently shipped to purchasers in the territory mentioned.

The finding of the trial court has the same binding force as the verdict of a jury, and, under well settled rules, if the evidence is legally sufficient to sustain the finding, this court will not disturb it.

The only testimony tending to show damages which the

court failed to allow is the testimony of Mr. Gay, who, in answer to the hypothetical question, assuming that $10,000 worth of oil was sold in the territory during the period named, what would have been the profit to the plaintiff upon those sales, answered that there would be a profit of $5,000 less an expense amounting to about 20 per cent. Now, the evidence tends to show that Gay's only source of information as to the amount of sales made by plaintiff was the plaintiff's accounts and books, which were introduced in evidence, and that from these books and accounts it was impossible to determine the quality of the products sold or the prices, and that therefore it was impossible to tell from the books or accounts the amount of profit made. The burden was upon defendant to prove the amount of the alleged damage, and in the present state of the proof, as abstracted, we cannot say that the undisputed evidence establishes any amount of damage. If it be conceded that the preponderance of the evidence establishes the fact that the defendant suffered some damage, yet the latter has not proved his case by showing the amount of damage which he should recover. We cannot say, therefore, that the finding of the court was without evidence to sustain it. The evidence adduced by defendant was, to say the least, of a very speculative character, and its weight was a question within the province of the trial court.

We are also of the opinion that we ought not to overturn the finding of the court that there was no breach of the contract in the sale of oil which was afterwards shipped to points within the territory mentioned in defendant's contract. If the plaintiff consummated sales and deliveries of oil in the State of Oklahoma, which was outside of the territory mentioned in defendant's contract, the subsequent shipment of the oil at the request of the purchasers did not render these sales breaches of the contract. Of course, sales made by plaintiff in Oklahoma for the purpose of evading the contract would not defeat the defendant of his right to recover profits which he would have earned on the sales; but it cannot be said that the undisputed evidence in this case shows that the terms of the contract were evaded. On the contrary, there is nothing in the evidence, as abstracted, to show that the sales were not made in perfect good faith, without any intent to evade the contract.

Upon the whole we are convinced that the case was fairly tried, and that the evidence is sufficient to sustain the finding; so the judgment is affirmed.